# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00153-FDW-DCK

| | |
|---|---|
| SALEH SHAIBAN </br> FATIMA MUTHANA </br> AKRAM SHAIBAN </br> ASEEL SHAIBAN </br> TAHANI SHAIBAN </br> SAEED SHAIBAN </br> AMIN SHAIBAN, </br> </br> Plaintiffs, </br> </br> v. </br> </br> L. FRANCIS CISSNA </br> KIRSTJEN NIELSEN </br> DEPARTMENT OF HOMELAND </br> SECURITY, </br> </br> Defendants. | **ORDER** |

THIS MATTER is before the Court *sua sponte* on Parties' Joint Status Report. (Doc. No. 15). Plaintiffs filed this lawsuit seeking, *inter alia*, a mandate from this Court to the Government to hasten the adjudication of Plaintiffs' applications for Permanent Resident status. (See Doc. No. 1, p. 13). According to the Parties' Joint Status Report, the Government has completed its evaluation of these applications. (See Doc. No. 15, p. 2). While Plaintiff asserts that "Defendants' decision of Saleh Shaiban's application was not in accordance with the law," there is no question that a decision was made regarding the application, and the only question remaining is whether that decision was lawful. See id. Plaintiffs' state, via the joint report, that "they will be filing a motion for leave to file an amended complaint with Federal Defendants' consent." Id. at 1.

According to Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). In addition,

the Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)). In this case, the basis for seeking leave to amend the complaint is clear to the Court from the status report. This lawsuit has shifted substantially from seeking an expedited review of all of Plaintiffs' immigration applications to specifically challenging the decision as to one of Plaintiffs' applications. The Court will therefore *sua sponte* grant Plaintiffs leave to amend their complaint.

The Court also notes that Parties filed their Joint Status Report under seal. Pursuant to Local Rule 6.1(b), "[n]o materials may be filed under seal except by Court Order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order." LCvR 6.1(b). Furthermore, "[a] party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed." See LCvR 6.1(c) (stating substantive requirements of a motion to seal). The Joint Status Report was improperly filed under seal without an accompanying motion explaining the basis for a seal. Thus, the Court hereby orders that the Joint Status report be unsealed.

## CONCLUSION

For the reasons stated above, the Court *sua sponte* grants Plaintiff leave to amend the complaint and **Plaintiffs will have fourteen (14) days from the date of this order's entry to file an amended complaint.** In addition, the Clerk of Court is respectfully directed to remove the seal from the Parties' "Joint Status Report." (Doc. No. 15).

IT IS SO ORDERED.

Signed: March 8, 2019

Frank D. Whitney
Chief United States District Judge