## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte DIVISION
## DOCKET NO. 3:18-cv-00153-FDW-DCK

| | | |
|---|---|---|
| **Saleh Shaiban and** | ) | |
| **Fatima Muthana,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **Mark Koumans,** | ) | |
| **Kevin K. McAleenan,** | ) | |
| **Department of Homeland Security,** | ) | |
| | ) | |
| **Defendants.** | ) | |

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Petition. (Doc. No. 55). Defendants seek dismissal of all claims except for the Administrative Procedure Act claim (Count II). Id. at p. 5. For the reasons stated herein, Defendants' Partial Motion to Dismiss is GRANTED.

### I.   BACKGROUND

Defendants' Partial Motion to Dismiss (Doc. No. 55) is before this Court after more than two years of litigation. Given the complex history of this case, the Court will briefly set forth the facts as described in Plaintiffs' Second Amended Petition. (Doc. No. 53). Plaintiffs Saleh Shaiban ("Mr. Shaiban") and Fatima Muthana ("Ms. Muthana") are married Yemeni immigrants who filed their Second Amended Petition on May 5, 2020 (Doc. No. 53). In 2000, Mr. Shaiban filed an I-589 Application for Asylum which was granted in 2006. Id. at p. 4. Two years later, in 2008, Mr. Shaiban submitted an I-485 Application for Permanent Residence. Id. at p. 5. After approximately ten years, Defendants issued a Notice of Intent to Deny and subsequently denied Mr. Shaiban's

application in 2019 on the grounds that he was a member of a terrorist organization.[1] Id. Plaintiffs allege that these two inconsistent decisions—the initial grant of asylum in 2006 and the denial of permanent residence in 2019—are the result of a "discriminatory and unlawful adjudicatory scheme specifically and solely for immigrant applicants of Yemeni descent." Id. Specifically, Plaintiffs allege that, because Mr. Shaiban was granted asylum in 2006, he cannot be a member of a terrorist organization because such membership is grounds for the mandatory denial of an asylum application pursuant to 8 C.F.R. § 208.13(c)(1). (Doc. No. 53, p. 4); see also 8 U.S.C. § 1182(3)(B) (2018) (noting that any alien who is engaged in terrorist activity is inadmissible). Moreover, Plaintiffs allege by way of example—but without providing specific facts—that Defendants have "improperly raised evidentiary standards . . . illegally mandate[ed] DNA evidence, require[d] in-person interviews in bad faith [and] subject[ed] petitioners" to duplicative and unnecessary evidentiary requests and security checks. (Doc. No. 54, pp. 5-6).

Plaintiffs seek declaratory and injunctive relief against Defendants[2] and ask this Court to find the denial of Mr. Shaiban's I-485 Application a violation of the Administrative Procedure Act, and the 5th and 9th Amendments to the U.S. Constitution. (Doc. No. 53, p. 20). Plaintiffs also petition this Court for a writ of mandamus, directing Defendants to "render[] a proper and complete decision" regarding Mr. Shaiban's I-485 Application.

---

[1] Plaintiffs filed their first Petition in March of 2018, asking this Court to declare Defendants' ten-year delay in adjudicating their I-485 applications, their lack of notice about the status of the applications, and "any decision" made by Defendants unreasonable under the APA and the 5th Amendment to the United States Constitution. (Doc. No. 1, p. 13). This Court issued a stay pending a USCIS decision on Plaintiffs' I-485 applications. (Doc. No. 13). Shortly thereafter, USCIS granted lawful permanent resident status to Ms. Muthana and the five children she shares with Mr. Shaiban. (Doc. No. 15, p. 2). Only Mr. Shaiban's application was denied. Id.

[2] During this litigation, the named Defendants have changed many times. The Defendant named in the Second Amended Petition no longer holds his position as Acting Secretary of the Department of Homeland Security. (Doc. No. 53, p. 1). The current Acting Secretary of the Department of Homeland Security is Chad F. Wolf.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also indicated that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

## III. ANALYSIS

At the outset, this Court addresses Defendants' argument that Ms. Muthana should be dismissed from the case in its entirety for lack of standing. (Doc. No. 55, p. 4). It is well-

3

established that any plaintiff must have standing to file suit. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). Standing requires that a plaintiff have "sufficient personal stake in the outcome of [the] dispute to render judicial resolution of it appropriate." Friends of Ferrell Parkway, LLC v. Stasko, 282 F. 3d 315, 319 (4th Cir. 2002) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)). As with other jurisdictional requirements, a plaintiff bears the burden of establishing standing. Id. (citations omitted).

To demonstrate standing, Ms. Muthana must satisfy the "irreducible constitutional minimum" that (1) she has suffered an injury in fact, that is, "an invasion of a legally protected interest that is (a) concrete and particularized and actual or imminent, not conjectural or hypothetical"; (2) the injury is fairly traceable to the defendant's actions; and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations omitted).

Here, Ms. Muthana has not satisfied her burden of establishing standing. Plaintiffs' Second Amended Petition makes no effort to differentiate the harms suffered by Mr. Shaiban from those suffered by Ms. Muthana. (See Doc. No. 53). The lack of clarity with respect to the harms suffered by each Plaintiff reveals the absence of any concrete harm particularized to Ms. Muthana. Yet assuming *arguendo* that Ms. Muthana has suffered particularized harms with respect to each claim against Defendants, the Second Amended Petition fails to sufficiently plead such harms. For example, Plaintiffs allege the improper denial of Mr. Shaiban's I-485 has deprived them of their constitutionally protected right to "make family choices, [which] cause[es] extreme financial and emotional hardship and stress." (Doc. No. 53, p. 17). However, Mr. Shaiban retains his status as an asylee and remains in the United States with his family and Plaintiffs have not alleged

4

otherwise.[3] (See Doc. No. 15; Doc. No. 55, p. 1). Without specific factual allegations as to the concrete harms suffered specifically by Ms. Muthana, this Court must conclude that Ms. Muthana does not have standing in this litigation. Accordingly, Ms. Muthana is hereby DISMISSED from this case for lack of standing.

### A. Count I – Writ of Mandamus

"[D]istrict courts are granted . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Hopewell v. Schweiker, 666 F.2d 34, 43 (4th Cir. 1981). Mandamus relief is typically "only available to compel the performance of a 'ministerial duty'; it is not available to 'direct the judgment or discretion in a particular way.'" Johnson v. Sessions, 2017 WL 1207537 at *5 (D. Md. Apr. 3, 2017) (quoting Wilbur v. U.S. ex rel Kadrie, 281 U.S. 206, 218, 50 S. Ct. 320, 324, 74 L.Ed. 809 (1930)).

Here, Plaintiff appears to be petitioning this Court for a Writ of Mandamus directing Defendants Wolf and Koumans to "discharge their statutory duties owed to Plaintiffs by rendering a proper and complete decision" on Mr. Shaiban's I-485 Application. (Doc. No. 53, p. 10). Plaintiff has not demonstrated that the denial of his I-485 Application warrants mandamus. Defendants had—and satisfied—a ministerial duty to render a decision on Plaintiff's I-485 Application, but Plaintiff takes issue with Defendants' *discretionary* decision to deny the Application. As such, the Court declines to exercise its mandamus relief powers, and Count I of the Second Amended Petition is hereby DISMISSED.

---

[3] Plaintiffs also allege they have been "indefinitely den[ied] access to their family," (Doc. No. 53, p. 18) without addressing the fact that Mr. Shaiban remains in the United States.

**B. Count III – Violation of Procedural Due Process Under the 5th Amendment**

To establish a procedural due process claim under the 5th Amendment, a litigant must show that the government deprived him of a liberty or property interest without providing notice and a meaningful opportunity to be heard. See <u>Matthews v. Eldridge</u>, 424 U.S. 319, 348, 96 S. Ct. 893, 47 L.Ed. 2d 18 (1976). Here, even assuming Plaintiff had a constitutionally protected interest in having his I-485 Application approved, he has made no allegations that Defendants deprived him of his right to notice or a hearing.[4] Accordingly, Plaintiff's procedural due process claim is hereby DISMISSED.

**C. Count IV – Violation of Equal Protection Under the 5th Amendment**

Equal protection claims against the federal government are asserted pursuant to the 5th Amendment's Due Process Clause. See <u>Stop Reckless Econ. Instability Caused by Democrats v. Federal Election Com'n</u>, 814 F.3d 221, 233 (4th Cir. 2016). "The equal protection obligations imposed by the Fifth and Fourteenth Amendments [are] indistinguishable." <u>Id.</u> (citation and quotation omitted). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." <u>Id.</u>

Here, Plaintiff alleges his petition was denied because of "Defendants' unlawful discriminatory scheme" that "directly targets" Yemeni Muslims. (Doc. No. 53, p. 14). The sole fact in support of this allegation is Proclamation No. 9645, 82 Fed. Reg. 45161 (Sept. 27, 2017),

---

[4] To the contrary, the Second Amended Petition explicitly references the Notice of Intent to Deny he received from Defendants. (Doc. No. 53, p. 5).

which has been expressly upheld as constitutional by the Supreme Court. See Trump v. Hawaii, 585 U.S. ___, 138 S.Ct 2392, 201 L.Ed. 2d 775 (2018) (upholding Proclamation 9645 as a constitutionally and statutorily valid exercise of presidential power). Moreover, the record makes clear that all six of Plaintiff's family members—all of whom are Yemeni Muslims—were granted lawful permanent resident status by the same Defendants who are alleged to directly target Yemeni Muslims. (See Doc. No. 15). As such, Plaintiff has not alleged sufficient facts to support an equal protection claim against defendants and Count IV of the Second Amended Petition is hereby DISMISSED.

### D. Count V – Violation of Substantive Due Process Rights Under the 5th Amendment

The Due Process Clause of the 5th Amendment has "procedural and substantive components." Plyler v. Moore, 100 F.3d 365, 374 (4th Cir. 1996). To survive a motion to dismiss a substantive due process claim, a plaintiff must allege "(1) that [he] had property or a property [or liberty] interest; (2) that the state deprived [him] of this . . . interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." Sylvia Dev. Corp. v. Calvert Cty., 48 F.3d 810, 827 (4th Cir. 1995) (emphasis in original).

Plaintiff has alleged that Defendants' "arbitrary and capricious denial" of his I-485 Application "directly and substantially infringes" on his fundamental right to "mak[e] personal choices regarding family matters in a manner that is free from unjustifiable government interference." (Doc. No. 53, p. 16). Like the equal protection allegations, Plaintiff has simply not alleged sufficient facts that state a plausible substantive due process claim. Moreover, Plaintiff appears to conflate allegations of an APA violation with allegations of a constitutional violation, demonstrating the propriety of APA review because "the only question is whether the defendants'

treatment of [Plaintiff's I-485 Application] was rational (i.e., not arbitrary and capricious)." Ursack Inc., v. Sierra Interagency Black Bear Group, 639 F.3d 949, 955 (9th Cir. 2011). Accordingly, Plaintiff's substantive due process claim is hereby DISMISSED.

### E. Count VI – Violation of the Ninth Amendment

The Ninth Amendment provides that "[t]he enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX. The Ninth Amendment does not, however, confer any substantive rights and cannot be the basis for pursing a rights violation claim. Evans v. Pitt Cnty. Dep't of Soc. Servs., 972 F. Supp. 2d 778, 797 (E.D.N.C. 2013), vacated in part on other grounds, Evan v. Perry, 578 Fed. App'x. 229 (4th Cir. 2014) ("[T]he Ninth Amendment is a rule of construction, not one that protects any specific right, and so no independent constitutional protection is recognized which derives from the Ninth Amendment."). Accordingly, Plaintiff has failed to state a cognizable claim for violation of the Ninth Amendment and such claim is DISMISSED.

### F. Count VII – Declaratory Judgment Act

The Declaratory Judgment Act ("DJA") provides in part that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interest party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (2018). The DJA is remedial in nature and does not create any substantive rights. CGM, LLC v. BellSouth Telecomm. Inc., 664 F.3d 46, 55 (4th Cir. 2011). "Stated differently, a request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." Id. at 55-56 (citation and quotation omitted). The power conferred by the Act is discretionary in nature. Centennial Life Ins. V. Poston, 88 F.3d 255, 256 (4th Cir. 1996). In determining whether to exercise its discretionary powers under the Act, a

8

court will ask "(i) whether a declaration would serve a useful purpose in clarifying and settling the legal relations in issue and (ii) whether a declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Hyatt v. U.S. Pat. and Trademark Office, 146 F. Supp. 3d 771, 786 (E.D. Va. 2015) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

Plaintiff alleges the denial of his I-485 Application "violates the INA and federal laws and regulations including the APA and the Fifth and Ninth Amendments" and seeks a declaration to that effect. (Doc. No. 53, pp. 19-20). Because Plaintiff's constitutional claims are dismissed, his claims for declaratory relief premised on constitutional violations must fail. Additionally, the claim for declaratory relief with respect to the surviving APA claim fails. Declaratory relief for the APA claim would be "duplicative" of Plaintiff's claims under the APA and would not "serve a useful purpose in clarifying the legal relations in issue." See Johnson v. Sessions, 2017 WL 1207537, at *6 n.6 (D. Md. Apr. 3, 2017). Accordingly, Plaintiff's claim for relief under the Declaratory Judgment Act is hereby DISMISSED.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Partial Motion to Dismiss (Doc. No. 55) is GRANTED. The Court respectfully requests the Clerk of Court to TERMINATE Ms. Muthana as a party to this action. The Court further DISMISSES without prejudice all counts except for Count II (the Administrative Procedure Act claim).

IT IS SO ORDERED.

Signed: October 5, 2020

Frank D. Whitney
United States District Judge

9